Mobphy, J.
delivered the opinion of the court.
The plaintiff enjoined the execution of a writ of fieri facias, under which certain slaves had been seized as the property of her husband, Honoré Champagne, at the suit of defendant a judgment creditor. She alleges that on the 24th of March, 1835, she was separated of property from her hus *300 band, and obtained against Mm a judgment for $4304 06; that to satisfy this judgment the slaves in question were seized and sold on the 12th of June, 1837, when she became the purchaser and absolute owner of them; that the original act of sale by the sheriff to her has been lost or mislaid, but that she will produce a copy of the same. She prays that the sheriff be decreed to pay her $300 damages, that Louis Bourgeois, the seizing creditor be made a party to the suit and that the slaves be decreed to be her property. The defendants after denying the facts and allegations of the petition aver that if there has ever been any judgment obtained by the plaintiff as alleged, the same was procured by fraud and collusion between her and her husband upon insufficient and illegal testimony, and that the same is not binding either between the parties or against third persons. They pray that plaintiff be ruled to prove in a summary manner the allegations of her [496] petition, and that in default thereof the injunction may be dissolved and set aside, and damages awarded against her and her sureties on the injunction bond, according to the Act of 1831. The case was tried by a jury who gave their verdict for plaintiff, whereupon a judgment was entered perpetuating the injunction. Louis Bourgeois appealed.
On the trial, plaintiff could produce neither the original nor a copy of the sheriff’s sale alleged to have been made to her. The record shows however a judgment in her favor for $4304 06, followed by &fl. fa. and alias fi. fa.; and an appraisement of the very slaves seized in this suit, made on the 12th of June, 1837, in presence of A. Lawson, sheriff. A receipt is indorsed on the last execution in the following words and figures, to wit:
“ Received of A. Lawson, as sheriff of the parish of Lafourche Interior, two thousand eight hundred and thirty-two dollars, being the amount of sale of property seized and sold under the within execution, and of which I became the sole purchaser this 13th June, 1837.
her
“ Marie Magdelaine M Bourgeois.” mark.
“ Jean Bte. Bernard,”
“ Weuville Champagne.”
It is said that a sale to plaintiff of these slaves must be inferred from the appraisement and this receipt indorsed on the execution; this we are by no means prepared to do. Had an adjudication taken place, we are bound to presume that the sheriff would have made Ms return in due form, and moreover would have caused his deed of sale to be recorded in the clerk’s office. In the absence of either of these, we can recognize no title whatever in plaintiff; the appraisement is one of the formalities which precede the sheriff’s sale; an adjudication might or might not have followed. As to the receipt, it contains no description whatever of the property mentioned [497] as having been bought by plaintiff; being moreover under private signature, nothing shows at what time it was written; but admitting it to have been made out as it purports to be on 13th of June, 1837, it creates at most but a presumption which cannot supply the want of the sheriff’s return, which is the only legal evidence of his official acts; had such a return been *301 produced showing an adjudication to plaintiff, it might perhaps have sufficed ; for the Code of Practice has provided that the property sold on execution passes to the last bidder by the adjudication, and that the deed' adds no force or effect to the adjudication. Arts. 690 and 695. "We must add that the presumption of title in plaintiff said to result from this receipt, already insufficient in itself, is not strengthened by the circumstance disclosed by the evidence, that after this pretended sale the slaves continued in the posse”’ in and under the absolute control of Honoré Champagne, who hired them i in his own name, receipted for their hire, &c., up to the time they were seized in this suit. Plaintiff having thus failed to show these slaves to be her property, it is unnecessary to examine into the validity of her claims against her husband, for admitting them to be fully proved by the evidence they would have furnished no good ground to suspend the execution of the fieri facias issued against him. When the property seized shall have been sold, she will have an opportunity of enforcing her right of preference on the proceeds contradictorily with the seizing creditor. Oode of Practice, art. 300. The injunction in our opinion ought to have been dissolved, and it is our duty to give such judgment as should have been rendered below, but the sureties on the injunction bond not being before us, no judgment can be pronounced against them.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided and reversed; and it is further ordered and decreed that the injunction be dissolved, and that the defendant do recover of plaintiff ten per cent, as damages on the amount of the judgment, the exe- [498] cution of which was enjoined; and that plaintiff pay costs in both courts.